IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS CANTWELL, et al.,           §
                                   §
                  Plaintiffs,      §
                                   §  Civil Action No. 3:05-CV-1378-D
VS.                                §
                                   §
DEUTSCHE BANK SECURITIES, INC.     §
d/b/a DEUTSCHE BANK ALEX           §
BROWN, INC., et al.,               §
                                   §
                  Defendants.      §

MEMORANDUM OPINION
AND ORDER

Plaintiffs' motion to remand presents the question whether defendants have demonstrated that at least one of plaintiffs' state-law claims arises under the Constitution, laws, or treaties of the United States so that the case is removable under this court's federal question jurisdiction. Concluding that defendants have failed to meet this burden, the court grants the motion and remands this case to state court.

I

Plaintiffs Thomas Cantwell, Cantwell Family Trust (1998), Cantwell Investment Holdings, Inc., and Cantwell Holdings, Ltd. (collectively, "Cantwell")[1] sue defendants Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex Brown, Inc., Deutsche Bank AG, and Craig Brubaker (collectively, "Deutsche Bank"); Law, Snakard & Gambill, P.C. ("Law Snakard"); Jim Braden ("Braden");

_____

[1]As does Cantwell in his state court pleading, the court will refer to Cantwell collectively as "he."

Mike Goodrich ("Goodrich"); and Century Business Services, Inc. ("Century") as successor in interest of Brownlie, Braden, Goodrich, Parrish & Reisinger, LLC ("Brownlie Braden"). Cantwell alleges in his state-court first amended petition ("petition") that Deutsche Bank and others marketed a tax strategy in which clients bought a treasury security, sold it short, and contributed the proceeds to a partnership in exchange for a partnership interest ("Tax Strategy"). They represented to prospective clients that the Tax Strategy would generate significant federal income tax benefits and would be supported by an independent legal opinion from the law firm of Jenkens & Gilchrist, which would insulate clients, including Cantwell, from any potential liability to the Internal Revenue Service ("IRS") for penalties.

In 1999 Brubaker, a Deutsche Bank employee, approached Cantwell, a long-time Deutsche Bank client, about investing in the Tax Strategy. Brubaker assisted in arranging a subsequent meeting between Cantwell, his attorney, Rice M. Tilley, Jr., Esquire ("Tilley") of Law Snakard, his accountants and financial planners, Braden and Goodrich, as representatives of Brownlie Braden, and Erwin Mayer, Esquire ("Mayer") of Jenkens & Gilchrist. During the initial meeting and subsequent meetings, Mayer and Brubaker advised Cantwell to invest in the Tax Strategy, assuring him of its legitimacy. Thereafter, Tilley, Braden, and Goodrich concurred in the advice of Brubaker and Mayer, asserting independent knowledge

concerning the merits of the Tax Strategy.  Cantwell alleges that Tilley, Braden, and Goodrich instead based their opinion entirely on the representations of Brubaker and Mayer.  Relying on the advice of his bank, attorneys, and accountants (i.e., Deutsche Bank, Law Snakard, and Brownlie Braden), Cantwell invested in the Tax Strategy and, for a substantial fee, engaged Jenkens & Gilchrist as counsel to provide tax planning advice.  Unbeknownst to Cantwell, defendants had significant financial incentives, e.g., referral fees, to induce Cantwell to make the investment.

In 2002 the IRS notified Cantwell that his 1999 federal income tax return would be audited.  Cantwell has since learned that the IRS is auditing other persons who pursued the Tax Strategy.  Rather than litigate the validity of the Tax Strategy, Cantwell responded to an IRS offer of settlement and agreed to pay over $8.5 million, which included a penalty and interest.

Cantwell filed this suit in Texas state court, alleging these causes of action based solely on Texas law: breach of contract (or, alternatively, breach of the duty of good faith and fair dealing); breach of fiduciary duty; fraud; negligent misrepresentation and professional malpractice; breach of contract/professional malpractice; and civil conspiracy.  Deutsche Bank, joined by other defendants,[2] removed the case based on this court's federal

_____

[2]In its notice of removal, Deutsche Bank included the consent to removal of codefendants Brownlie Braden, Law Snakard, and Goodrich, but failed to obtain the consent to removal of

- 3 -

question jurisdiction, positing that Cantwell's state-law claims necessarily depend on resolution of a substantial federal question. Cantwell moves to remand, contending the court lacks federal question jurisdiction.

II

Deutsche Bank[3] bears the burden of demonstrating that federal jurisdiction exists, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), and the removal statute should be strictly construed in favor of remand, *Manguno v. Prudential Property and Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002). It is undisputed that the parties are not completely diverse and that

_____

codefendant Century. "'[A]ll defendants who are properly joined and served must join in the [notice of removal] and . . . failure to do so renders the [notice] defective.'" *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)). Nevertheless, this is a non-jurisdictional defect that can be waived. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the [notice of removal] is not a jurisdictional defect."). Cantwell, in fact, believes that all other defendants *did* file consents. *See* Ps. Br. 2 ("All other defendants filed consents to such removal."). Cantwell's failure to move to remand within 30 days of removal waives his right to do so now on this basis. *See* 28 U.S.C. § 1447(c) (Supp. 2005) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under 1446(a)."). The court is not remanding this case based on this procedural defect but is doing so based on the absence of federal question jurisdiction.

[3]Because Deutsche Bank has filed the only response in opposition to Cantwell's motion, the court will refer to it as the party with the burden of establishing that removal is proper.

Cantwell does not assert a cause of action created by federal law. This case is therefore removable only if at least one of Cantwell's state-law causes of action arises under federal law pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'" *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.) (alteration in original) (quoting *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993)). The plaintiff is thus "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the "artful pleading doctrine," courts may disregard the state-law facade of a complaint, thereby bringing to the surface the federal claims lying beneath, "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Navarro v. Bell Helicopter Servs., Inc.*, 2001 WL 454558, at *1 (N.D. Tex. Jan. 25, 2001) (Fitzwater, J.) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). A single claim over which federal question jurisdiction

exists is sufficient to allow removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, ___ U.S. ___, 125 S. Ct. 2611, 2623 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-66 (1997).

The Supreme Court's recent decision in *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, ___ U.S. ___, 125 S. Ct. 2363 (2005), makes clear that the existence of "'a cause of action created by federal law'" is "not a necessary condition for federal question jurisdiction under 28 U.S.C. § 1331 or removal jurisdiction under 28 U.S.C. § 1441(a)."[4] *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable*, 125 S. Ct. 2366). Instead, the court must answer this question: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368. In deciding whether a state-law claim necessarily raises a substantial federal issue, this court must engage in "a

_____

[4]Section 1441(a) states, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

- 6 -

selective process which picks the substantial causes out of the web and lays the other ones aside." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813-14 (1986) (internal citations and quotation marks omitted).  A federal question is sufficiently substantial to support federal jurisdiction if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9.  A federal question is not substantial for purposes of federal question jurisdiction, however, when it appears only in an alternative argument for relief.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809-810 (1988)).

Moreover, even if the court concludes that it has federal question jurisdiction over Cantwell's claims, the exercise of such jurisdiction remains "subject to a possible veto." *Grable*, 125 S.Ct. at 2367.  Under *Grable*'s second step, for removal to be proper, Cantwell's claims must be those that "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368.

III

With these principles in mind, the court considers whether Cantwell's petition "necessarily raise[s] a stated federal issue, actually disputed and substantial." *Id.* Applying the well-pleaded complaint rule, the court will examine each of Cantwell's asserted

claims for relief and make a commonsense determination concerning whether a substantial federal issue is truly at stake.[5]

Cantwell asserts six claims (and one alternative claim) in his petition.  He first alleges, *inter alia*, that, by failing to disclose the true relationship among themselves and with Jenkens & Gilchrist and by giving incorrect advice, defendants breached their agreements with Cantwell to provide competent advice and, alternatively, breached the duty of good faith and fair dealing. Because Cantwell offers two grounds for this claim, a factfinder need not reach the federal issue——the propriety of the Tax Strategy advice——in order for Cantwell to prevail.  The federal issue is thus not a substantial one.  *See Howery*, 243 F.3d at 918 (holding that case was not removable where federal question appeared only in alternative argument for relief).  And even if it were necessary for a factfinder to reach Cantwell's contention that defendants' Tax Strategy advice was incorrect, the issue under Texas law would be whether the advice fulfilled defendants' contractual obligation to act competently and their duty to deal fairly and in good faith. A factfinder would not need to determine precisely whether the Tax

---

[5]Deutsche Bank fails to identify the specific portions of Cantwell's petition that necessarily require resolution of a federal issue, instead relying on conclusory statements that federal tax issues pervade this case.  Although it is Deutsche Banks' burden to demonstrate that the case is removable, the court will review Cantwell's petition on a claim-by-claim basis.  *See De Aguilar,* 47 F.3d at 1408 (observing that removing party bears burden of showing that federal jurisdiction exists).

Strategy is permissible under federal law.  Thus while answering the question whether the Tax Strategy is legal under federal law could inform these determinations, it would not be sufficiently determinative as to present a substantial issue.  *See Franchise Tax Bd.*, 463 U.S. at 9.

Cantwell alleges 31 grounds on which defendants allegedly breached fiduciary duties.  Of these, the vast majority are unrelated to the Tax Strategy and instead concern defendants' duplicity and self-interest, such as "[t]aking advantage of a relationship of trust and confidence" and "[f]ailing to disclose that the Defendants were splitting and/or sharing fees." Pet. 13-14.  To establish breach of fiduciary duty under Texas law, Cantwell must demonstrate a fiduciary duty, breach of the fiduciary duty, injury, and proximate causation between the breach and the injury.  *See In re Segerstrom*, 247 F.3d 218, 225 n.5 (5th Cir. 2001) (applying Texas law).  For example, regarding attorneys, "[t]he focus of breach of fiduciary duty is whether . . . an improper benefit from representing a client" was obtained by, *inter alia*, subordinating the client's interests to the attorney's, taking advantage of the client's trust, engaging in self-dealing, or making misrepresentations.  *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex. App. 2002, pet. denied).  As with Cantwell's first claim, there is no substantial federal issue because he alleges several grounds on which defendants breached

- 9 -

their fiduciary duties, each of which fails to implicate federal law. *See Howery*, 243 F.3d at 918. Moreover, the federal issue is not substantial because, under Texas law, a factfinder's focus would be on whether defendants obtained an improper benefit, not on the legality of the Tax Strategy. *See Franchise Tax Bd.*, 463 U.S. at 9.

Cantwell maintains that defendants committed fraud by knowingly making false affirmative representations and intentionally omitting material facts, relying on the same 31 grounds that support his breach of fiduciary duty claim.

> To maintain a fraud cause of action against [defendants] under Texas law, [Cantwell] must establish that [defendants] (1) made a material representation, (2) that was false when made, (3) [they] knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion, (4) [they] made the representation with the intent that [Cantwell] should act upon it, and (5) [Cantwell] acted in reliance upon it and suffered injury as a result.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002) (Fitzwater, J.) (citing *Beijing Metals & Minerals Imp./Exp. Corp. v. Am. Bus. Ctr. Inc.*, 993 F.2d 1178, 1185 (5th Cir. 1993) (applying Texas law)). A factfinder need not make a determination of federal law to resolve this claim, because Cantwell alleges that defendants made several false representations wholly aside from the Tax Strategy, e.g., that Jenkens & Gilchrist was an independent law firm and that its legal

- 10 -

opinion would protect Cantwell from exposure to IRS penalties.[6]
The legality of the Tax Strategy is not, therefore, an ineluctable
component of the fraud claim that presents a substantial issue of
federal law.

Cantwell also asserts on the same 31 grounds that defendants
committed negligent misrepresentation and professional malpractice.
Generally, under Texas law, malpractice is based on negligence,
because such claims arise from a professional's failure to exercise
ordinary care. *See Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.
1989). To prove a claim for negligent misrepresentation, Cantwell
must establish that

> (1) [defendants] made a representation in the
> course of his business, or in a transaction in
> which he had a pecuniary interest, (2)
> [defendants] supplied false information for
> the guidance of others in their business, (3)
> [defendants] did not exercise reasonable care
> or competence in obtaining or communicating
> the information, and (4) [Cantwell] suffered
> pecuniary loss by justifiably relying on the
> representation.

*Great Plains Trust Co.*, 313 F.3d at 318. For Cantwell to be
successful on this claim, a factfinder need only determine, for
instance, that defendants supplied false information about their

---

[6]Although the Texas Supreme Court in *Fina Supply, Inc. v.
Abilene National Bank*, 726 S.W.2d 537 (Tex. 1987), held that "[a]
representation as to the legal effect of a document is regarded as
a statement of opinion rather than of fact and will not ordinarily
support an action for fraud[,]" *id.* at 540, it also concluded that
"misrepresentations involving a point of law will be considered
misrepresentations of fact if they were intended and understood as
such." *Id.*

relationships with each other or their self-interest in the Tax Strategy.  There are no substantial issues of federal law relevant to either determination.  Assuming, however, that this claim requires consideration of the legality of the Tax Strategy, under Texas law, a factfinder need not determine the legitimacy of the scheme itself, but rather need only resolve whether defendants' advice was within a range of reasonableness.

Cantwell also avers that defendants committed professional malpractice by breaching their contractual obligation to provide competent advice, specifically, advice that defendants knew or reasonably should have known to be wrong.  Texas courts have recognized that, although a professional malpractice case may be framed or labeled as a breach of contract, the action is in the nature of a tort.  *See Van Polen v. Wisch*, 23 S.W.3d 510, 515-16 (Tex. App. 2000, pet. denied).  As discussed above, malpractice is based on negligence, and such claims arise from a professional's failure to exercise ordinary care.  *Cosgrove*, 774 S.W.2d at 665. For Cantwell to succeed, a factfinder would not be required to determine precisely whether the Tax Strategy is legal, but would instead find it necessary only to resolve whether defendants' advice that Cantwell invest in the Tax Strategy was made in the exercise of ordinary care.  No substantial federal issue is in play.

Cantwell maintains last that defendants conspired by acting in

- 12 -

concert to market and implement the Tax Strategy to obtain professional fees. Under Texas law, Cantwell must demonstrate the following elements of a civil conspiracy claim: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Murray v. Earle*, 405 F.3d 278, 293 (5th Cir. 2005) (applying Texas law). For purposes of the conspiracy claim, Cantwell alleges that defendants' unlawful acts consist of the violations of "numerous provisions of law, as stated above." Pet. 26. Because Cantwell's previously-asserted claims are not dependent on a resolution of the legality of the Tax Strategy, a factfinder need not reach the federal issue in assessing the civil conspiracy theory of recovery that piggybacks on those claims. *See In re Am. Airlines, Inc. Privacy Litig.*, 370 F.Supp.2d 552, 559-560 (N.D. Tex. 2005) (Fitzwater, J.) ("A claim for civil conspiracy is generally not viable without the commission of an underlying wrongful act[.]" (alteration in original) (quoting *Coppock v. Northrup Grumman Corp.*, 2003 WL 21730668, at *14 n.17 (N.D. Tex. July 22, 2003) (Fitzwater, J.))).

The thrust of Cantwell's petition is that defendants violated state law by concertedly "duping" him into investing in a Tax Strategy from which they benefited and that they reasonably should have known was illegal. As was the case in *Franchise Tax Board*, state law establishes a set of elements, without reference to

federal law, that plaintiffs must establish to make out "valid claim[s] for relief." *Franchise Tax Bd.*, 463 U.S. at 13.  Federal law becomes relevant only as to certain of Cantwell's grounds for relief.   In this circumstance, the federal issues are not substantial because they either are not necessary elements of Cantwell's state-law claims or appear only in alternate theories for relief. *See Franchise Tax Bd.*, 463 U.S. at 9; *Howery*, 243 F.3d at 918.  The court therefore concludes that Deutsche Bank has failed to carry its burden of establishing that Cantwell's petition "necessarily raise[s] a stated federal issue, actually disputed and substantial." *Grable*, 125 S. Ct. 2368.[7]

The few federal courts that have addressed similar issues have reached opposite conclusions. *Compare Sheridan v. New Vista, LLC*, 2005 WL 2090898 (W.D. Mich. Aug. 30, 2005) (holding removal improper), *and Maletis v. Perkins & Co.*, No. CV-05-820-ST (D. Or. Sept. 13, 2005) (findings and recommendation of Mag. J.) (finding removal improper) *with Becnel v. KPMG LLP*, 2005 WL 2016246 (W.D. Ark. June 21, 2005) (holding removal proper).  To the extent the

---

[7]The court rejects Cantwell's contention that the IRS lacks interest in this litigation for the reason that it settled with Cantwell and made its position on the Tax Shelter clear, as set forth in IRS Notice 1999-59 and 2000-44. *See Maletis v. Perkins & Co.*, No. CV-05-820-ST, slip op. at 16 (D. Or. Sept. 13, 2005) (findings and recommendation of Mag. J.).  As defendants correctly maintain, IRS Notices are not binding on this or any court. *See Guilzon v. Comm'r*, 985 F.2d 819, 822 (5th Cir. 1993).  Instead, the court remands because the issue of the Tax Strategy's legality is not substantial under *Grable*.

- 14 -

claims in *Becnel* are similar to those in this case, this court respectfully disagrees with and declines to follow *Becnel* for the reasons set forth in this memorandum opinion.[8]

                                    IV

     For the reasons set out above, Cantwell's July 22, 2005 motion to remand is granted.  The court holds that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 134th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.

     **SO ORDERED.**

     September 21, 2005.

                            _Sidney A. Fitzwater_
                            SIDNEY A. FITZWATER
                            UNITED STATES DISTRICT JUDGE

---

     [8]Because the court concludes that Deutsche Bank has failed to carry its burden on the first aspect of *Grable*, it declines to reach the "possible veto" of federal-state division of labor raised by the second prong of *Grable*.

                                  - 15 -